MATTHEW FINN,

     Plaintiff,

v.

CORNERSTONE BUILDING BRANDS,
INC.,[1]

     Defendant.

CASE NO.:  4:26-cv-17

State Court Case No. 25CV046287-910

## NOTICE OF REMOVAL

Defendant Cornerstone Building Brands, Inc. ("Cornerstone" or "Defendant") hereby removes the above-captioned action commenced by Plaintiff Matthew Finn ("Plaintiff" or "Finn") from the General Court of Justice, Superior Court Division, Wake County, North Carolina to the United States District Court for the Eastern District of North Carolina pursuant to 28 U.S.C. §§ 1331, 1332 and 1441.  In support of removal, Defendant states as follows:

## PROCEDURAL BACKGROUND

1.     On December 22, 2025, Plaintiff filed a civil action against Defendant in the General Court of Justice, Superior Court Division, Wake County, North Carolina captioned *Matthew Finn v. Cornerstone Building Brands, Inc.*, Civil Action No. 25CV046287-910 (the "State Court Action") alleging employment discrimination and retaliation under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et. seq.*, ("ADEA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.* ("Title VII").

2.     This Notice of Removal is being filed within thirty (30) days of Defendants' receipt

---

[1] Cornerstone Building Brands, Inc. was not Plaintiff's employer and is not the proper party to this action. Defendant reserves all rights and defenses related to this issue.

of the State Court Action on January 5, 2026, as required by 28 U.S.C. §1446(b). By filing this Notice of Removal, Defendant reserves any and all rights to assert the insufficiency of process or insufficiency of service of process, and all other applicable grounds, as defenses to Plaintiff's Complaint.

3.     Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint and all other processes, pleadings, and orders in the State Court Action are attached as **Exhibit A** to this Notice of Removal.

## FEDERAL QUESTION JURISDICTION

4.     This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1441 as federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treatises of the United States." 28 U.S.C. § 1331.

5.     All of the claims set forth in Plaintiff's Complaint are brought under federal employment statutes, Title VII of the Civile Rights Act of 1964 and the Age Discrimination in Employment Act, alleging employment discrimination and retaliation on the basis of his age and national origin. Plaintiff also references prior actions at the Equal Employment Opportunity Commission ("EEOC") and attaches his purported EEOC Right to Sue letter as an exhibit to the Complaint.  (*See* **Exhibit A**). Adjudication of these claims, and factual allegations, will necessarily require the Court to rule on issues of federal law.

6.     Thus, removal is proper under 28 U.S.C. § 1331.

## DIVERSITY JURISDICTION

7.     This Court also has diversity jurisdiction under 28 U.S.C. § 1441(b) because this action could have originally been brought in this Court pursuant to 28 U.S.C. § 1332(a), as complete diversity of citizenship exists between the properly joined and served Parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2

8. The parties are diverse because Plaintiff is a citizen of South Carolina and Cornerstone is a citizen of Delaware and North Carolina.

9. A corporate defendant "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

10. Cornerstone is a Delaware and North Carolina corporation with its principal place of business located at 5020 Weston Parkway, Cary, North Carolina 27513. Accordingly, Cornerstone is a citizen of Delaware and North Carolina for purposes of 28 U.S.C. § 1332(c)(1).

11. To be removeable, the amount in controversy must exceed $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a).

12. On the face of the Complaint, Plaintiff seeks to recover $100,000 in damages in addition to interest and other costs. Ex. A, Compl., p. 5.

13. Accordingly, the amount in controversy requirement for diversity jurisdiction is satisfied because it is clear from Plaintiff's Complaint that the amount in controversy exceeds $75,000.

14. Thus, removal is proper under 28 U.S.C. § 1332.

## REMOVAL IS OTHERWISE PROPER

15. Venue is proper in this district because under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed … to the district court of the United States for the district … embracing the place where such action is pending."

16. The General Court of Justice, Superior Court Division, Wake County, North Carolina is located within the Eastern District of North Carolina. 28 U.S.C. § 113(b). Therefore, this District

3

embraces the place where the removed State Court Action is pending and venue is proper in this Court under 28 U.S.C. § 1441(a).

17. Consistent with 28 U.S.C. § 1446(d), Defendant will promptly give notice of the filing of this Notice of Removal to all adverse parties and will file a copy of the notice with the clerk of the General Court of Justice, Superior Court, Wake County, North Carolina. A copy of Defendant' Notice to State Court of Removal is attached hereto as **Exhibit B.**

18. Defendant reserves the right to amend or supplement this Notice of Removal.

19. Defendant reserves all defenses and the filing of this Notice of Removal is without waiver of any defenses including, but not limited to, defenses related to insufficient process, insufficient service of process, and misjoinder.

WHEREFORE, Defendant requests that the action now pending in the General Court of Justice, Superior Court Division, Wake County, North Carolina be removed to the United States District Court for the Eastern District of North Carolina.

Respectfully submitted, this 4th day of February, 2026.

**KILPATRICK TOWNSEND & STOCKTON LLP**

/s/Brodie D. Erwin
NC State Bar No. 44368
berwin@ktslaw.com
4208 Six Forks Road, Suite 1400
Raleigh, NC 27609
Telephone: (919) 420-1718
Facsimile: (919) 510-6120

*Attorney for Defendants*

4

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| MATTHEW FINN, <br><br>     Plaintiff, <br><br> v. <br><br> CORNERSTONE BUILDING BRANDS, INC., <br><br>     Defendant. | CASE NO.: <br><br> State Court Case No. 25CV046287-910 |

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on February 4, 2026, I filed Cornerstone Building Brands, Inc.'s Notice of Removal with the Clerk of Court using the CM/ECF system, which will automatically send notice of the filing to all counsel of record.

/s/ *Brodie D. Erwin*
Brodie D. Erwin
