MATTHEW FINN,

     Plaintiff,

v.

CORNERSTONE BUILDING BRANDS,
INC.,

     Defendant.

**CORNERSTONE BUILDING BRANDS'
REPLY BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT**

Defendant Cornerstone Building Brands, Inc. ("Cornerstone" or "Defendant") files this Reply Brief in Support of its Motion to Dismiss Plaintiff Matthew Finn's ("Plaintiff") Amended Complaint.

## INTRODUCTION

Plaintiff continues to rely on speculation and unsupported inferences to suggest discrimination and retaliation, without providing the factual detail required by controlling law. These deficiencies pervade his Amended Complaint and Response, and underscore why dismissal is warranted. The Court should reject Plaintiff's attempt to proceed on the basis of conjecture rather than concrete allegations and dismiss the Amended Complaint in its entirety.

## ARGUMENT

I.    **Plaintiff Concedes The Court Does Not Have Jurisdiction to Hear Claims Related to His First EEOC Charge.**

Despite claiming that Cornerstone discriminated against him based on his age by terminating him in 2021 and retaining "substantially younger employees," Plaintiff now effectively concedes that all claims contained or reasonably related to his First Charge are time barred and not before the Court. (D.E. 12, ¶ 46; D.E. 18, p. 5). Plaintiff further concedes his case

1

is limited to the "single discrete act" of Cornerstone's alleged "failure to hire" him for the Territory Sales Manager role in February 2022. (*Id*.).

II.      **Plaintiff's Age and National Origin Discrimination Claims Exceed the Scope of His Second EEOC Charge.**

Plaintiff failed to exhaust administrative remedies for age and national origin discrimination claims through his Second Charge. As stated, "[i]n any subsequent lawsuit alleging unlawful employment practices under Title VII [and the ADEA], a federal court may only consider those *allegations* included in the EEOC charge." *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 407-08 (4th Cir. 2013) (emphasis added). Plaintiff's Second Charge does not contain any facts or *allegations* of such discrimination. (*See* D.E. 16-2). In the Charge's "Statement of Discrimination," Plaintiff claimed only that he was "retaliated against in violation of the ADEA and Title VII," later explaining that the retaliation was "because [he] engaged in protected activity" by filing the First Charge. (*Id.*) Courts are clear they "are not at liberty to read into an administrative charge *allegations* it does not contain," and claims outside the charge are procedurally barred. *Id.* at 408 (emphasis added). Because Plaintiff's Charge only contained *allegations* of alleged retaliation, he did not put Defendant on notice that discrimination claims were actually being pursued. *Chacko v. Patuxent Institution*, 429 F.3d 505, 506 (4th Cir. 2005) (the Charge is required to give employer notice and "an initial opportunity to independently investigate…the alleged discriminatory actions"). Since the scope of a federal lawsuit is limited to the *allegations* set forth in the underlying EEOC charge; where, as here, a charge omits any facts supporting purported discrimination, those claims are unexhausted and must be dismissed. (*See generally* D.E. 16); *Bir v. McKesson Corp.*, No. 5:22-cv-00412, 2023 WL 5960640, at *2* (E.D.N.C. Sept. 13, 2023) ("a charge that describes retaliation does not license a subsequent claim for direct discrimination").

2

### III. Plaintiff Has Not Adequately Pled Claims for Discrimination or Retaliation.

Nothing raised in Plaintiff's Response changes the fact that he has still failed to adequately plead sufficient facts to support any of his claims. Despite Plaintiff's explanations, his Amended Complaint remains replete with the types of cursory statements, unreasonable conclusions, and unwarranted inferences that courts must disregard even under the lenient and favorable Rule 12(b)(6) pleading standard. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (holding court is "not bound to follow the legal conclusions offered in the complaint nor to "accept as true unwarranted inferences, unreasonable conclusions, or arguments."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Iqbal*, 556 U.S. at 662 (holding a court should disregard conclusory statements unsupported by factual allegations).

A. Plaintiff's Discrimination Claims Fail.

In his Amended Complaint, Plaintiff only pleads the following allegations to support that he was purportedly not hired because of his age or national origin:

- That he was "qualified" for the position but ultimately not interviewed or hired. (D.E 12, ¶¶ 14-15, 27-31); and

- That he was "made aware" that a person "substantially younger than him" and "not of Irish national origin" was hired for the role. (*Id*. at ¶¶ 33-34, 47, 57).

These conclusory statements, standing completely alone, without further factual enhancement, do not sufficiently plead discrimination claims. *See Fisher v. Winston-Salem Police Dept.*, 28 F. Supp. 3d 526 (M.D.N.C. 2014) (dismissing plaintiff's failure to hire claim holding he did not allege necessary facts including what the qualifications were for the position he applied to, the rating system used to evaluate candidates, or anything to do with the other candidate's qualifications).

Here, Plaintiff fails to plead any facts alleging:

- What the requirements were for the position for which he applied;

- The specific qualifications Plaintiff had that made him qualified;

- The identity of the individual that was hired for the position;

- The age or national origin of the individual hired;

- How he or she might have been less qualified; or

- How the individual allegedly performed poorly.

Plaintiff fails to plead how he was even allegedly "made aware" of or knows these bald assertions to be true. (*See generally* D.E. 12). Moreover, Plaintiff also fails to identify *any* statements made by Defendant about his age or national origin, or any other actions attributable to Cornerstone, that would create even the slightest inference that he was not hired as a result of those protected traits. (*Id.*).

Courts in our jurisdiction routinely hold a plaintiff cannot rely on bald, conclusory assertions without further factual enhancement to adequately claim an employer's hiring decision was motivated by discriminatory animus. The *McLeary-Evans* decision highlights the issues that doom Plaintiff's claims. *McCleary-Evans v. Md. Dept. of Transp.*, 780 F.3d 582, 585-88 (4th Cir. 2015). There, a former employee alleged the defendant did not select her because of the decisionmakers bias against African-American women. Yet, the only factual basis for that allegation was her claim that "during the course of her interview . . . both [decisionmakers] predetermined to select for both positions a While male or female candidate." *Id.* The court found the employee failed to allege any factual basis for what happened "during the course of her interview" to support her conclusion. *Id.* As such, the court determined her core allegations were

too conclusory as "[o]nly speculation [could] fill the gaps in her complaint." *Id.* Likewise, Plaintiff here has failed to allege any factual basis for his claim that Cornerstone did not hire him because of his alleged protected characteristics. Rather, just like in *McCleary-Evans*, Plaintiff (and this Court at his invitation) "can only speculate that the persons hired were not better qualified . . . or were not better suited based on experience [therefore leaving open] the obvious alternative explanation that the decisionmakers simply judged those hired to be more qualified and better suited for the position." *Id*. at 586-88; *see also Vega v. Wake Co.*, No. 5:14-cv-00257, 2015 WL 1433583 (E.D.N.C. March 27, 2025) (same); *Soliman v. Worldwide Language*, No. 5:16-cv-748, 2016 WL 7494858 (E.D.N.C. Dec. 29, 2016) (citing *McLeary* for same and highlighting that "[f]ailing to hire a qualified applicant does not alone raise an inference of illegal discrimination" and that "[e]mployers…sometimes must choose among qualified applicants.").

Similarly, in *Tickles v. Johnson*, 805 F. App'x 204, 207 (4th Cir. 2020), the court affirmed the dismissal of a plaintiff's age discrimination claim on Rule 12(b)(6) grounds holding his "allegations were too conclusory and factually unadorned to give rise to a reasonable inference" of unlawful discrimination. *Id* at 208. The court highlighted that, like in the instant action, "notably absent from the Complaint . . . were specific allegations that would give rise to a reasonable inference of age-based discrimination, such as the nature of the requirements for promotion, [plaintiff's] own qualification, [or] the qualifications [and performance history] of his proposed comparators." *Id*. As a result, the court was "left with" nothing more than "mere speculation." *Id.*; *see also Amis v. Pekoske*, No. 3:20-cv-000541, 2021 WL 783543 (4th Cir. Mar. 1, 2021) (same); *Bing v. Brivo Systems, LLC*, 959 F.3d 605 (4th Cir. 2020) (affirming dismissal of even a *pro se* plaintiff's discrimination claim because plaintiff pled "no facts to support his conclusory allegations").

Plaintiff claims that "Defendant was not able to put forth a legitimate reason for not rehiring Plaintiff" and as a result its proffered reasons are pretextual such that they create a "reasonable inference of discrimination." (D.E. 12 ¶¶ 38) Putting aside that this is false, Plaintiff's claims in this regard are immaterial. Plaintiff claims that Cornerstone offered false, pretextual reasons for not hiring him *in response to his First EEOC Charge in 2021*. (*Id*. ¶¶ 18-20). Plaintiff's Amended Complaint contains no allegations that the same hiring manager from 2021 was the decisionmaker for the Territory Manager position Plaintiff applied for in 2022 or that the same allegedly pretextual reasons were offered at that time.[1] Ultimately, Plaintiff's Complaint does not contain the necessary factual allegations to create an inference that Cornerstone was motivated in any way by unlawful animus. As the *Bing* Court reasoned, ""[b]eing aware of no alternative explanation [for failure to hire] and guessing that conduct is [] motivated [by a protected characteristic] does not amount to pleading actual facts to support a claim of [] discrimination[;] [t]o the contrary, they constitute only speculation as to [the employer's] motivation." 959 F.3d at 605.

Plaintiff's reliance on *Dolgaleva v. Va. Beach City Pub. Sch*., 364 F. App'x 820 (4th Cir. 2010), is similarly misplaced. The *Dolgaleva* plaintiff, whose complaint was construed liberally because she was *pro se*, pled actual facts supporting her claim including: (1) that she was the "most qualified applicant based on her credentials and experience," (2) defendant "deviated from its usual hiring practices" by hiring someone before plaintiff's scheduled interview, and most importantly that (3) one of defendant's employees told plaintiff that her Russian credentials were "worthless" and that "her Russian ancestry had been held against her in the hiring decision." *Id.* at 827. Here,

---

[1] Plaintiff also repeatedly misrepresents that a cause finding was issued in this matter as evidence that his claims are not speculative. (*See generally* D.E. 18). The EEOC *did not* conclude its proceedings by issuing a cause finding. It, in fact, rescinded a finding that it believed had been issued in error. (*See* July 2025 EEOC Notice of Intent to Reconsider, attached hereto as **Exhibit 1**.) If anything, that decision highlights the agency's concerns with Plaintiff's claims rather than supporting their alleged plausible, non-speculative nature.

Plaintiff, who is represented by counsel, has not pled nearly the same level of factual specificity. At no point does Plaintiff ever allege that he was told that his national origin or age were factors in the hiring decision. Plaintiff's complaint likewise contains no allegations that Defendant deviated from its usual hiring practices. Since Plaintiff can only allege conclusory statements instead of actual facts, his claims for discriminatory failure to hire should be dismissed.

B. <u>Plaintiff's Retaliation Claims Remain Similarly Devoid of Necessary Factual Support.</u>

Plaintiff's retaliation claims are likewise premised solely on conclusory and speculative assertions rather than concrete factual allegations. *Even at the Rule 12(b)(6) stage*, a plaintiff "needs to show facts demonstrating" that the "decisionmaker imposing the adverse action had *actual knowledge* of the protected activity." *Koonce v. Austin*, No. 3:21-cv-660, 2022 WL 3006188 *6 (E.D.Va. July 28, 2022) (emphasis added) (citing *Roberts v. Glenn Industrial Grp., Inc.*, 998 F.3d 11, 125 (4th Cir. 2021)). "Naked allegations of a causal connection between plaintiff's protected activity and the alleged retaliation do not state a plausible Title VII claim." *Carr v. U.S.*, 674 F. Supp.3d 234, 243 (E.D.N.C. 2023).

Plaintiff still cannot unequivocally allege that the Cornerstone manager who decided not to rehire him had *actual knowledge* of his prior protected activity. Instead, Plaintiff's claims rest on the following grossly speculative statements:

- "The hiring manager knew or should have known of Plaintiff's previously filed EEOC charge." (D.E. 12, ¶ 32); and

- "Upon information and belief, the decisionmakers who screened out [Plaintiff] were informed by, and acted in concert with, HR personnel who knew of Mr. Finn's protected activity." (*Id*. at ¶ 36).

In his response, Plaintiff does not try to rebut, or even distinguish, the substantial Fourth Circuit precedent cited by Defendants holding that bare assertions premised on "knew or should

have known," or made "upon information and belief," are legally insufficient to establish causal connection in retaliation claims. (D.E. 16, pp. 15-16). Instead, Plaintiff demands, without *citation to legal support,* that knowledge of his prior protected activity "be inferred" and imputed to the relevant Cornerstone hiring manager because unidentified "HR personnel" were allegedly "involved in both" responding to his First EEOC Charge and the hiring process for the job he applied to in 2022. (D.E. 18, p. 15). That claim is the very definition of rank speculation and is the exact opposite of pleading a decisionmaker had "actual knowledge" of prior protected activity as the law requires.[2]

Plaintiff's reliance on *Price v. Thompson*, 380 F.3d 209 (4th Cir. 2004) does not save his claim. In *Price*, the plaintiff alleged *specific circumstantial facts* supporting his claim that the decisionmaker knew he had engaged in protected activity before the defendant decided not to hire him—namely (1) the pool of possible complainants was small, (2) the plaintiff and decisionmaker had met in person briefly and during that discussion the plaintiff had talked about not getting the job offer, and (3) the decisionmaker knew that the plaintiff had called to speak with one of the employees ultimately hired into the position. The Court found that each of these *additional facts*, though not entirely determinative, could support a reasonable fact finder to conclude that the decisionmaker knew the plaintiff had made the complaint before refusing to hire him. *Id.* at 212-13.

Plaintiff's Complaint lacks any similar factual allegations. Instead, Plaintiff asks the Court to infer that all HR personnel—and, by extension without explanation, the hiring manager—were aware of his protected activity simply because they work for the same large corporation. However,

---

[2] Even if the demanded inference were not wholly speculative, Plaintiff does not even allege that the same HR personnel at Cornerstone were involved in the two situations, which took place a year apart from each other. As a result, the inference, even if accepted, still does not create the causal link Plaintiff needs to survive this Motion.

Courts are not required to accept such unwarranted inferences. *Giarratano*, 521 F.3d at 302. The law does not presume corporate omniscience; it requires specific factual allegations showing the decisionmaker had actual knowledge of the protected activity. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 657 (4th Cir. 1998) ("[T]he employer's knowledge that the plaintiff engaged in protected activity is absolutely necessary to establish the third element of the prima facie case [in a retaliation claim]."); *Martin v. Stateside Associates, Inc.*, 2026 WL 624486, at *7 (E.D. Va. March 5, 2026) ("Although certain conduct and knowledge may be imputed to *Defendant* for purposes of liability, for purposes of establishing that any individual retaliated in response to a protected activity" the plaintiff must plead facts showing "such individual *actually knew* of the protected activity."); *Koonce*, 2022 WL 3006188 at *6 ("[If] the plaintiff cannot demonstrate the decisionmaker…had actual knowledge of the protected activity, the plaintiff cannot establish the causation element."); *Rodgers v. Eagle Alliance*, 586 F. Supp. 3d 398, 448 (holding that a defendant's constructive knowledge of an employee's protected activity is not sufficient to establish the necessary causal connection and that "actual knowledge is required").

This Court should decline Plaintiff's invitation to just assume, even "at this stage," that Cornerstone's hiring manager had knowledge of his First Charge. (D.E. 18, p. 15). While lenient, the Rule 12(b) standard "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Tickles*, 805 F. App'x at 208. And Plaintiff's "inability to marshal additional facts" purportedly because of the early stage of this litigation, does not "save his conclusory and speculative allegations from dismissal." *Id.*

## **CONCLUSION**

Accordingly, for the foregoing reasons and the reasons stated in its previously filed Motion, Defendant respectfully requests that the Court grant its Motion to Dismiss Plaintiff's Amended Complaint in its entirety with prejudice.

Respectfully submitted, this 21st day of April, 2026.

**KILPATRICK TOWNSEND & STOCKTON LLP**

/s/Brodie D. Erwin
NC State Bar No. 44368
berwin@ktslaw.com
4208 Six Forks Road, Suite 1400
Raleigh, NC 27609
Telephone: (919) 420-1718
Facsimile: (919) 510-6120

*Attorney for Defendant*

## <u>CERTIFICATE OF WORD COUNT</u>

The undersigned attorney hereby certifies that the foregoing memorandum complies with Local Rule 7.2(f) of the Local Civil Rules of Practice and Procedure of the United States District Court for the Eastern District of North Carolina with respect to its length. The foregoing memorandum was created using Microsoft Word. Based upon the word count of Microsoft Word, the foregoing memorandum contains 2,800 words or fewer permitted by Local Rule 7.2(f)(3)(C).

**KILPATRICK TOWNSEND
& STOCKTON LLP**

/s/Brodie D. Erwin
NC State Bar No. 44368
berwin@ktslaw.com
4208 Six Forks Road, Suite 1400
Raleigh, NC 27609
Telephone: (919) 420-1718
Facsimile: (919) 510-6120

*Attorney for Defendant*

11

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NORTH CAROLINA**

MATTHEW FINN,

      Plaintiff,

v.

      CASE NO.: 5:26-cv-0066

CORNERSTONE BUILDING BRANDS,
INC.,

      Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that, on April 21, 2026, I filed Cornerstone Building Brands' Reply in

Support of its Motion to Dismiss Plaintiff's Amended Complaint with the Clerk of Court using the

CM/ECF system, which will automatically send notice of the filing to all counsel of record.

              /s/ *Brodie D. Erwin*
              Brodie D. Erwin

12